RICARDO Ríos y Ríos, Plaintiff and Appellant, v. PORTO RICO RAILWAY, LIGHT & POWER Co., Defendant and Appellee.

No. 3646. Argued November 19, 1925.—Decided April 29, 1926.

Luis Muñoz Morales for the appellant. J. H. Brown, Clemente Ruiz Nazario and Sergio G. Gelpí for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court. Plaintiff appeals from the following judgment:

"In this case the defendant presented a demurrer for want of cause of action, which demurrer accompanies the record.

"After the said demurrer was argued in open court by the attorneys on both sides the court sustained the same in the following language:

" 'The court sustains the demurrer for want of cause of action. The complaint does not disclose that the facts set up were based upon an unlawful act or criminal negligence of the defendant as patron of the plaintiff nor, in an affirmative case, that the benefits of the Workmen's Compensation Act had been renounced. See sec. 21 of Act No. 10 of 1918. Laws of that year, p. 83.'

"For the foregoing reasons we are of the opinion that judgment should be rendered dismissing the complaint with costs against the plaintiff.

"The clerk will issue the corresponding writ of execution.

"Done in open court the 13th and entered the 17th day of March. 1925. (Sgn.) Charles E. Foote, Judge, First District."

Appellant insists that—

"(1) The court erred in dismissing the complaint on the ground that it does not state facts showing an unlawful act or criminal negligence on the part of the defendant.

"(2) The trial court erred in holding that in order to bring this action a previous express renouncement of the benefits of Act No. 10 of 1918 was necessary.

"(3) The district court erred in rendering judgment forthwith without giving the plaintiff an opportunity to amend his complaint."

The first of these three questions was decided adversely to appellant in *Rodriguez* v. *Heirs of Paoli*, 31 P.R.R. 463. See also *Camuñas* v. *New York & P. R. S. S. Co.*, 260 Fed.

382

40, and *Camuñas* v. *Porto Rico Ry., Light & Power Co.*, 272 Fed. 924.

The second proposition relied upon by appellant is perhaps somewhat more plausible, but the final determination thereof may be postponed until we shall have had the benefit of a more exhaustive presentation of the matter than either of the parties has attempted herein. Appellant may easily avoid all risk in the instant case by so wording his amended complaint as to leave no room for doubt or for inference.

All things considered, we think that plaintiff should have been given an opportunity to amend upon sustaining the demurrer for want of facts sufficient to constitute a cause of action, and for this reason the judgment appealed from must be reversed.